UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>$163,500 IN UNITED STATES CURRENCY,<br><br>　　　　　　　　　　Defendant.<br><br>KITE FINDS THE FEATHER,<br><br>　　　　　　　　　　Claimant. | Case No. 3:23-cv-00430-MMD-CLB<br><br>ORDER |

Plaintiff the United States of America seeks the forfeiture of Defendant $163,500 in United States Currency seized from Claimant Kite Finds the Feather during a traffic stop outside of Reno, Nevada, which the United States contends derives from violations of the Controlled Substances Act. (ECF No. 1.) Before the Court is the United States' motion to strike Feather's answer to the Complaint.[1] (ECF No. 12 ("Motion").) Because Feather is proceeding *pro se*, he filed a claim in response to the Motion that complies with Supplemental Rule ("Supp.") G(5)(a)(i), and the United States indicated it would not object to the Court giving Feather more time to file a claim—and as further explained below—the Court will deny the Motion and treat Feather's claim (ECF No. 13) as timely filed.

---

[1]Feather filed a response (ECF Nos. 15, 18), and the United States filed a reply (ECF No. 19). Feather also filed a surreply without first obtaining leave of Court. (ECF No. 20.) The Court advises Feather that filing a surreply without first getting the Court's permission violates LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."). The Court accordingly did not consider the surreply in ruling on the Motion. The Court further advises Feather to review and follow the Court's Local Rules going forward, as they apply to *pro se* litigants as well as attorneys. *See* Local Rules of Practice, United States District Court for the District of Nevada (Apr. 17, 2020), https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

The United States initiated this forfeiture action at the end of August 2023. (ECF No. 1.) Feather filed an answer on October 6, 2023. (ECF No. 6 ("Answer").) As noted, in the Motion, the United States seeks to strike the Answer. (ECF No. 12.) Four days after the United States filed the Motion, Feather filed a claim (ECF No. 13), a revised answer (ECF No. 14), and an opposition to the Motion (ECF No. 15)—and followed up with mailed copies of those same documents a few days later (ECF Nos. 16, 17, 18).

The United States' bases for the Motion are that Feather filed his Answer before filing a verified claim, and the Answer he filed does not comply with the requirements of Supp. G(5)(a)(i). (ECF No. 12 at 1.) The United States accordingly moved to strike it under Supp. G(8)(c)(i), but indicated it was not opposed to the Court giving Feather another opportunity to file a claim that complied with Supp. G(5)(a)(i) within a short and fixed period of time. (*Id.* at 1, 7.) However, considering that Feather filed his claim (ECF No. 13) in response to the Motion, the United States only maintains in its reply that Feather's claim does not sufficiently identify the specific property at issue and he filed it before obtaining the Court's permission to file a late claim (ECF No. 19). And the United States further maintains in its reply that it does not object to giving Feather an opportunity to cure his noncompliance with the rule if the Court finds good cause to do so. (*Id.* at 3.)

The Court agrees with the United States that Feather's claim was filed late, and there is a discrepancy in terms of the specific property identified in it because Feather's claim incorporates by reference both the Complaint in this matter, which seeks forfeiture of $163,500, and the claim form he submitted to the Drug Enforcement Administration, where he seeks the return of $164,400, some phones, flash drives, and laptops. (ECF No. 13.) However, the discrepancy in terms of the specific property Feather identified is immaterial to this case because there can be no dispute that the United States only seeks forfeiture of $163,500 in cash in this case. (ECF No. 1.) Thus, for purposes of this case, Feather cannot contest forfeiture of more than that. And it is clear from the claim that Feather contests whether forfeiture of the $163,500 is proper. (ECF No. 13.) The Court accordingly finds that the claim satisfies Supp. G(5)(a)(i)(A). And the claim complies with

1    the other requirements of Supp. G(5)(a)(i) as well because it identifies Feather and
2    explains why he claims an interest in the property, is signed under penalty of perjury, and
3    appears to have been served on the United States' counsel based on the certificate of
4    service. (ECF No. 13.)
5        As to timeliness, the Court notes that Feather is proceeding *pro se* and for that
6    reason construes his responsive filings to the Motion as including an implicit motion for
7    extension of time due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B) (providing that
8    the Court may extend time on motion after a deadline has expired if the party failed to act
9    because of excusable neglect); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A
10   document filed *pro se* is 'to be liberally construed[.]'") (citation omitted). The Court similarly
11   finds, because of Feather's *pro se* status, he excusably missed the initial deadline to file
12   a claim. (ECF No. 15 at 1 (explaining he is unrepresented, unintentionally did not attach
13   the verified claim to his answer, and that since then, he has filed a compliant claim—
14   suggesting he is learning as he goes).) The Court accordingly grants Feather's implied
15   motion for extension of time to respond to the Complaint *nunc pro tunc*. However, as noted
16   above, the Court expects Feather to familiarize himself with the Local Rules and the
17   Federal Rules of Civil Procedure more broadly, and make his best efforts to comply with
18   them going forward.
19       The Court further notes that granting the United States its requested relief here—
20   giving Feather another chance to file the claim he already filed—seems redundant and
21   inefficient. Feather has filed a claim. (ECF No. 13.) The United States is on notice that he
22   disputes forfeiture of the money at issue in this case. The parties should proceed to the
23   next steps in this forfeiture litigation without further delay.
24       The Court notes that the parties made several arguments and cited several cases
25   not discussed above. The Court has reviewed these arguments and cases and determines
26   that they do not warrant discussion as they do not affect the outcome of the Motion before
27   the Court.
28   ///

1    It is therefore ordered that the United States' motion to strike (ECF No. 12) is
2 denied.
3    It is further ordered that the Court deems Claimant's verified claim (ECF No. 13)
4 timely filed *nunc pro tunc*.
5    It is further ordered that the parties must submit a proposed joint scheduling order
6 governing this case for United States Magistrate Judge Carla L. Baldwin's review within
7 30 days of the date of entry of this order. *See* LR 16-1(b) (requiring a scheduling order but
8 no discovery plan in forfeiture cases).
9    DATED THIS 25th Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE