UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>$163,500 IN UNITED STATES CURRENCY,<br><br>　　　　　　Defendant. | Case No. 3:23-cv-00430-MMD-CLB<br><br>ORDER |
| KITE FINDS THE FEATHER,<br><br>　　　　　　Claimant. | |

Plaintiff the United States of America seeks the forfeiture of Defendant $163,500 in United States Currency seized from Claimant Kite Finds the Feather during a traffic stop outside of Reno, Nevada, which the United States contends derives from violations of the Controlled Substances Act. (ECF No. 1.) Before the Court are the United States' motions: (1) to compel responses to their special interrogatories (ECF No. 24); and (2) to conditionally strike Claimant's claim if he does not provide adequate, further responses to their special interrogatories within 30 days (ECF No. 25). Because Claimant has not responded to these motions (ECF Nos. 30, 31 (noting Claimant's nonresponse)), and the relief requested therein appears reasonable, the Court will grant both motions.

LR 7-2(d) provides in pertinent part that, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Claimant has not responded to either of the Untied States' pending motions (ECF Nos. 30, 31), and, indeed, several months have elapsed since the United States noted his failure to file timely responses. The Court accordingly grants both motions as unopposed.

Moreover, the United States' explanation in its pending motions and proposed remedy—giving Claimant another 30 days to respond before striking his claim—suggest to the Court that it should grant both motions. In its motion to compel, the United States explains that, based on some of Claimant's prior responses, Jooblay, Inc. may have an ownership stake in the property at issue, and thus it is unclear that Claimant possess the requisite standing to contest this forfeiture. (ECF No. 24 at 14-15.) The United States further explains that Claimant has provided conflicting answers about whether he owns the property either as the CEO of Jooblay, Inc. or as his personal property. (*Id.* at 15-16.) The United States accordingly requests that Claimant provide clear and complete further responses to the interrogatories intended to clarify these issues (*id.* at 16), or have his claim stricken if he does not respond within an additional 30 days (ECF No. 25). The Court agrees with the United States that this is a reasonable approach to get more comprehensive answers to some reasonable requests.

It is therefore ordered that the United States' motion to compel responses to their special interrogatories (ECF No. 24) is granted.

It is further ordered that Claimant must further supplement his responses to Interrogatories 6, 11, 12, and 15, including bank records showing all the withdrawals connected to the property, within 30 days.

It is further ordered that Claimant must further supplement his responses to Interrogatories 5 and 8 within 30 days as well, to clarify whether any other shareholders or interested parties can confirm his ownership of the property as either the CEO of Jooblay, Inc. or if he personally owns the property as a profit from Jooblay, Inc.

It is further ordered that the United States' motion to conditionally strike Claimant's claim (ECF No. 25) is conditionally granted as further specified herein.

It is further ordered that, if Claimant does not timely and sufficiently respond to the United States' special interrogatories in line with this order, the United States must file a notice informing the Court of that fact.

///

It is further ordered that, upon receipt of that notice, the Court may strike Claimant's claim (ECF No. 13) without further warning to Claimant.

DATED THIS 17th Day of July 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE