1

2

3                          UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                    * * *

6    UNITED STATES OF AMERICA,              Case No. 3:23-cv-00430-MMD-CLB

7                         Plaintiff,                    ORDER

8         v.

     $163,500 IN UNITED STATES
9    CURRENCY,

10                        Defendant.

11   _____

     KITE FINDS THE FEATHER,
12
                          Claimant.
13

14        Plaintiff the United States of America seeks the forfeiture of Defendant $163,500

15   in United States Currency, which was seized from Claimant Kite Finds the Feather during

16   a traffic stop outside Reno, Nevada, and which the United States contends derives from

17   violations of the Controlled Substances Act. (ECF No. 1.) The Court previously granted

18   the United States' unopposed motion to compel responses to its special interrogatories

19   (ECF No. 24)[1] and its unopposed motion to conditionally strike Claimant's claim if he does

20   not provide adequate further responses to those interrogatories within 30 days (ECF No.

21   25). (ECF No. 32 ("Order").) The Court subsequently extended the deadline to respond.

22   (ECF No. 40.) The parties dispute whether Claimant provided sufficient responses in

23   _____

24        [1]In its motion to compel, the United States explains that, based on some of
     Claimant's prior responses, Jooblay, Inc. may have an ownership stake in the property at
25   issue, thus making it unclear whether Claimant possesses the requisite standing to
     contest this forfeiture. (ECF No. 24 at 14-15.) The United States further notes that
26   Claimant has provided conflicting answers regarding whether he owns the property as
     CEO of Jooblay, Inc. or as his personal property. (Id. at 15-16.) Accordingly, the United
27   States requests that Claimant provide clear and complete further responses to the
     interrogatories aimed at clarifying these issues (id. at 16), or that his claim be stricken if
28   he fails to respond within an additional 30 days (ECF No. 25).

compliance with the Order. (ECF Nos. 42, 47, 48.)[2] The Court finds that Claimant responded to the special interrogatories to avoid having the claim be stricken.

The United States argues that the Court should strike Claimant's claim because he has failed to provide information confirming his claimed ownership of the property through Jooblay, Inc. and has continued to provide inconsistent answers as to Claimant's relationship with Jooblay, Inc. (ECF No. 42.) Claimant responded that he sufficiently clarified the issue of corporate and personal ownership of the property and has made a good-faith effort to provide further responses. (ECF No. 47.) The Court agrees with Claimant that he has demonstrated a good-faith effort to respond to the United States' special interrogatories, including by providing supplemental responses to the interrogatories identified in the Order.[3] (ECF No. 47-1.) Accordingly, the Court declines to strike the claim under the circumstances here.

This order resolves the issues presented in the United States' pending motions. The Court refers the case to the Magistrate Judge to determine the schedule for discovery. (ECF No. 34 (order staying substantive discovery).)

DATED THIS 23rd Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]The briefs are not presented in the typical motion format (i.e., motion, response, and reply) because the Order granted the United States' unopposed motion to strike if Claimant fails to provide adequate responses. Nevertheless, the United States presented its argument in a document titled "Second Notice Regarding Order, ECF No. 32" (ECF No. 42), to which Claimant objected (ECF No. 47), and the United States subsequently replied (ECF No. 48).

[3]For example, the Order compelled Claimant to supplement his responses to Interrogatories 5 and 8 to clarify whether any other shareholders or interested parties can confirm his ownership of the property. (ECF No. 32 at 2.) Claimant subsequently supplemented these responses. (ECF No. 47-1 at 4, 8.)